Mr. Chief Justice Sharkey
delivered the opinion of the court.
This was an action of debt instituted by the defendant in erról-as administrator de bonis non of Robert White, against the plaintiff in error, who was the wife of Robert White. The question as to the right to recover was raised by a demurrer to evidence. On the trial a witness was introduced who testified that some time in 1829, in the lifetime of Robert White, the witness paid to the plaintiff in error while her husband was sick, the sum of 82 dollars, being a balance due to White. That' some short time after the death of White, the witness saw in possession of the plaintiff in error 80 dollars of the same money, it being in four 20 dollar bank notes. That Robert White left an executor who afterwards died, and Robert White, Jun. became administrator de bonis non, who also died, and the defendant in error became administrator. That Mrs. White requested the witness to keep the money for her, but he refused. The court overruled the demurrer to this evidence and gave judgment. It is proper to observe that there is but one count in the declaration, and that is for money had and received, to the use of the plaintiff.
The action of debt for money had and received, like other actions ex contractu, must be founded on a contract express or implied. No such thing as an express contract is pretended to have existed, and it seems difficult to raise such an implied one as will support this action. The money was paid to the defend *932 ant in the lifetime of her husband, and was either a payment to him, or no payment at all. If the wife even retained the money, it was still his, and she could not have become indebted to him. The administrator cannot, therefore, claim to recover it as a debt due the husband, because no such debt could have existed. Can he claim it as a debt due himself in his representative capacity? He has made no contract either express or implied which would enable him to sustain the action for money had and received. He must declare for it either as money had and received to the use of the testator, or for money had and received to his own use.
The testimony would not support a count for money had and received, to the use of the testator, and yet the money was received in the lifetime of the testator and for this reason it will not sustain this count for money had and received to the use of the administrator. If there be any remedy it is not in this form of action. The action is evidently misconceived. It is unnecessary to say whether this can be an appropriate form of action for an administrator, as it is evidently not so in this case. The demurrer should have been sustained.
The judgment of the circuit court must therefore be reversed, the demurrer to evidence sustained, and judgment for the defendant.